IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT V. McLENNAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-00531-G (BF) |
| | § | |
| ONCOR ELECTRIC DELIVERY | § | |
| COMPANY LLC, et al, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for pretrial management. Before the Court is the Motion to Dismiss Pursuant to Rule 12(b)(6) of Kerri Veitch ("Veitch"), Larry Garrett ("Garrett"), Larry Davis ("Davis"), Randle Efflandt ("Efflandt"), Reggie Bonner ("Bonner") and Kelly McNair ("McNair") (collectively referred to as "Individual Defendants") filed on March 22, 2012. Defendants request that this Court dismiss all the claims in Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Plaintiff failed to file a response and the time to do so has expired. Based on the following reasons, the Court recommends that the District Court GRANT the Motion to Dismiss and dismiss all of Plaintiff's claims against Individual Defendants.

## Background

Plaintiff is a former employee of Defendant Oncor Electric Delivery Company ("Oncor"). Oncor is not a named party to this Motion to Dismiss. Individual Defendants are current Oncor employees. Plaintiff, proceeding *pro se*, sued Individual Defendants under Title VII, the ADA, and 42 U.S.C. § 1981. Plaintiff alleges intentional discrimination on the basis of race and disability in

violation of Title VII and the ADA, retaliation in violation of Title VII and the ADA, and race discrimination under 42 U.S.C. § 1981. Individual Defendants move to dismiss all the claims against them pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's work at Oncor involved infrared inspections of electrical lines. Plaintiff alleges that Oncor employees began discriminating against him in 2000 and 2001. Plaintiff alleges that in 2000 and 2001, he received a lower pay-raise than other, similarly situated, white employees. Plaintiff next maintains that in 2004 Defendants failed to refund a trip Plaintiff took to Nevada, where he received certification for an enhanced, Level III infrared-laser certification. Plaintiff alleges Oncor reimbursed him for a previous course for a lower-level certification. Plaintiff maintains Oncor reimbursed white employees for similar training. In 2006, Plaintiff filed suit through the Equal Employment Opportunity Commission ("EEOC"), but he later dropped that suit. At an unspecified date in 2008, Plaintiff alleges he met with Bonner to discuss an incident with Garrett. Plaintiff alleges Garrett discriminated against him, and Plaintiff also claims Garrett sent a negative email about then presidential-candidate Obama to Plaintiff and other Oncor employees. Plaintiff next alleges that in November 2008, Defendants again failed to reimburse him for a certification course in Nevada, while paying for a similar course for white employees. However, in that allegation, Plaintiff does not implicate Individual Defendants.

### Standard of Review

While the court is to liberally construe the briefs of *pro se* litigants, *pro se* parties must still brief issues and reasonably comply with court standards. *Grant v. Cullar*, 59 F.3d 523, 524 (5th Cir. 1995). FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to

relief." According to the Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## **Analysis**

**Title VII of the Civil Rights Act of 1964**

Individual Defendants move to dismiss Plaintiff's Title VII discrimination and retaliation claims in accordance with Rule 12(b)(6). Individual Defendants are all natural persons and Oncor employees. Plaintiff sued Individual Defendants for intentional discrimination and retaliation under Title VII. For the following reasons, this Court recommends dismissal of all Plaintiff's Title VII claims against Individual Defendants.

Title VII of the Civil Rights Act makes it unlawful for an *employer* to discriminate against an employee on the basis of race, color, religion, or national origin. 42 U.S.C.§ 2000e-2; *Grant v. Lone Star Co.*, 21 F.3d 649, 651-52 (5th Cir. 1994)(emphasis added). While Title VII defines "employer" to include "any agent" of the employer, the "agent" provision does not create individual liability. *See Grant*, 21 F.3d 649, 652-53. The "agent" provision instead incorporates *respondeat superior* liability into the statute. *Id.* at 652. (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 584 (9th Cir. 1993)). Thus, an employee may create liability for his employer under Title VII, but he may not be held individually liable under Title VII. This reasoning aligns with the purpose of the statute. Because Title VII limits liability to employers with fifteen or more employees, it is "inconceivable that Congress intended to allow civil liability to run against individual employees." *See Grant*, 21 F.3d 652-53 (quoting *Miller*, 991 F.2d at 587). Therefore, Title VII does not create a cause of action against individual, non-employer persons.

It is clear to this Court that dismissal of Plaintiff's Title VII claims against Individual Defendants is proper. Title VII creates a cause of action against employers; it does not create a cause of action against individual employees. Therefore, Plaintiff cannot maintain a claim against Individual Defendants, and this Court recommends dismissal of all of the Title VII

claims against Individual Defendants. **Americans with Disabilities Act ("ADA")**

Similarly, Plaintiff cannot maintain a suit against Individual Defendants under the ADA. The ADA prohibits discrimination in employment against qualified individuals on the basis of disability. 42 U.S.C. § 12112. The purpose of the ADA is similar to the purpose of Title VII, in that they both seek to eliminate discrimination in employment against a specific class. *See Flowers v. Southern Regional Phys. Serv., Inc.*, 247 F.3d 229, 233-34 (5th Cir. 2001). While the 5th Circuit has not directly addressed the issue of whether individuals may be held personally liable under the ADA, it interprets the employer provisions in the ADA consistently with similar provisions in Title VII. *See id*. ("We conclude that the language of Title VII and the ADA dictates a consistent reading of the two statutes."). Moreover, the federal circuits that have addressed this issue treat the employer provisions similarly, refusing to allow individual liability under both Title VII and the ADA. *See Roman-Oliveras v. Puerto Rico Elec. Power Auth.* 655 F.3d 43, 51-52 (1st Cir. 2011); *Albra v. Advan, Inc*., 490 F.3d 826, 830 (11th Cir. 2007)*; Walsh v. Nevada Dept. of Human Res.*, 471 F.3d 1033, 1037-1038 (9th Cir. 2006); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 177 (3rd Cir. 2002); *Sullivan v. River Valley Sch. Dist*., 197 F.3d 804, 808 n. 1 (6th Cir. 1999); *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-80 (7th Cir. 1995). The Court finds this case law persuasive. The "employer" provision in the ADA is almost identical to the employer provision found in Title VII. *Compare* 42 U.S.C. § 12111(5), *and* 42 U.S.C.§ 2000e(b). *See Walsh*, 471 F.3d at 1038; *Flowers*, 247 F.3d at 233. Additionally, the ADA and Title VII have a similar purpose and remedial structure. *Flowers*, 247 F.3d at 234. Both seek to combat discrimination

in employment against individuals of certain classes, with analogous remedies. *See id.*; *Miller v. Pub. Storage Mgmt., Inc.*, 121 F.3d 215, 218 (5th Cir. 1997). Therefore, this Court concludes that the ADA, like Title VII, does not create a cause of action against individual employees.

Plaintiff's ADA claims against Individual Defendants should be dismissed for reasons similar to those articulated in the Title VII section above. Individual Defendants are Oncor employees and natural persons. They do not meet the definition of employer found in the ADA because the ADA only provides for employer liability. Therefore, Plaintiff cannot maintain a claim against Individual Defendants, and this Court recommends dismissal of all of the claims against Individual Defendants under the ADA.

**Racial Discrimination**

Plaintiff also sued Individual Defendants for unlawful discrimination under 42 U.S.C. § 1981. Section 1981 provides a separate basis of relief for discrimination in employment. It protects a person's right "to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. To establish a Section 1981 claim, a plaintiff must show that (1) he is a member of a racial minority; (2) his employer had an intent to discriminate on the basis of race; and (3) the discrimination concerned the making and enforcing of a contract. *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994). The term "to make and enforce contracts" includes the making, performing, modification, and termination of contracts." See *Felton v. Polles*, 315 F.3d 470, 480 (5th Cir. 2002); *Miller v. Wachovia Bank*, 541 F. Supp.2d 858, 861 (N.D.Tex. 2008, Fitzwater, C.J.) Thus, it includes not only hiring and termination, but also pay-raises and bonus receipts.

The language of Section 1981 suggests it creates a cause of action against the contracting

parties only. *See Miller*, 541 F. Supp.2d at 862. In this case, that reading would implicate Oncor only. But the Fifth Circuit has recognized that in some circumstances a right of recovery against individual employees exists. *See Foley v. University of Houston*, 355 F.3d 333, 337-38 (5th Cir. 2003). "An employee who exercises control over the plaintiff with respect to an employment decision may be individually liable if the employee was '*essentially the same*' as the employer in exercising this authority." *Miller*, 541 F. Supp.2d at 862-863 (citing *Foley*, 355 F.3d at 337-38)(emphasis added). Therefore, an employee may be held individually liable under Section 1981 if he is "essentially the same" as the employer with respect to an employment decision, and if in that capacity he intentionally discriminates against another employee.

In *Miller*, Chief Judge Fitzwater analyzed the scope of Section 1981 liability. *See* 541 F. Supp.2d at 863. He concluded that employees can be held individually liable under Section 1981 if, with respect to employment decisions they: (1) exercise supervisory authority over the plaintiff; and (2) in exercising that authority are "essentially the same" as the employer. *Id*. at 868-69. In that case, the plaintiff sued his former employer, a corporation, as well as his supervisor, and one of his co-workers. The plaintiff alleged intentional race discrimination and retaliation in violation of Section 1981. *Id.* at 859. The co-worker filed a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted, contending that Section 1981 does not support a cause of action against a non-supervisor employee. *Id*. Judge Fitzwater agreed and granted dismissal of the Section 1981 claim against the co-worker. *Id.*

It is clear to this Court that Section 1981 creates individual liability, but only against employees with substantial control over a plaintiff with respect to employment decisions. This Motion to Dismiss includes both non-supervising employee defendants and supervising

employee defendants. Any Section 1981 claims against non-supervising employees must be dismissed. Only the claims against defendants who exercise control over Plaintiff's employment, sufficient to be considered "essentially the same" as Oncor, may survive this Rule 12(b)(6) motion.

The Complaint includes allegations of discrimination that, if true, might support a Section 1981 claim. Individual Defendants nevertheless maintain Plaintiff fails to state a Section 1981 claim. First, Individual Defendants contend three of the four alleged discriminatory acts are time-barred by the federal civil statute of limitations. *See* 28 U.S.C. § 1658. Section 1658 provides that "a civil action arising under an Act of Congress" may not be commenced later than four years after the cause of action accrues. *Id.* The Supreme Court has held that Section 1658 applies to discrimination suits under Section 1981. *See Jones v. R.R. Donnelley & Songs Co.*, 541 U.S. 369 (2004)(holding section 1658 applies to section 1981 actions based on employment discrimination claims); *Wesley v. Yellow Transp., Inc.*, No. 3:05-CV-2266-D, 2008 WL 294526 (N.D.Tex, Fitzwater, C.J.). Plaintiff filed this suit on February 21, 2012. Thus, any factual allegations of discrimination before February 21, 2008 are time-barred. Three of the alleged instances of discrimination accrued well before the statute of limitations date. Plaintiff alleges: (1) he received a lower pay raise than white employees in 2000 and 2001; (2) Oncor treated him differently based on race from 2000-2004; and (3) Oncor did not reimburse him for a training certification course he took in 2004, while reimbursing white employees. Only one alleged instance of racial discrimination involving Individual Defendants occurred after the statute of limitations deadline. Plaintiff does not implicate Veitch, Davis, Efflandt and McNair in that allegation, so the Section 1981 claims against them should be dismissed under Rule 12(b)(6).

8

Plaintiff's most recent allegation of race discrimination involves Bonner and Garrett. On an unspecified date in 2008, Plaintiff alleges he met with Bonner to discuss Garrett's discriminatory treatment of Plaintiff.

To survive a Rule 12(b)(6) motion with respect to Bonner and Garrett, Plaintiff would need to plead specific facts to establish that Bonner and Garrett intentionally discriminated against Plaintiff on the basis of race while making an employment decision in a supervisory capacity. It is clear that no Section 1981 claim exists against a co-worker. But the analysis becomes more difficult when a plaintiff files suit against a supervising employee. When that happens, the court must assess how much control the defendant had over employment decisions relating to the plaintiff.

Here, Plaintiff fails to plead sufficient facts to establish the elements of Section 1981 against both Bonner and Garrett. Plaintiff alleges he told Bonner about alleged discriminatory treatment he was receiving from Garrett. Garrett allegedly sent Plaintiff and other employees a negative email about then presidential-candidate Obama. Garrett was Plaintiff's supervisor, and Plaintiff requested Bonner change Plaintiff's supervisor because he did not want to work under Garrett. The allegation suggests that both Bonner and Garrett were Plaintiff's superiors. However, Plaintiff never establishes that either Bonner or Garret were "essentially the same" as Oncor with respect to employment decisions. He never establishes that either had the capacity to make and enforce his employment agreement. Plaintiff merely suggests that he reported to Garrett, and that Bonner allegedly had the ability to switch Plaintiff's supervisor from Garrett to another person. He never mentions that either Bonner or Garrett had the ability to fire him, give him raises, or affect his employment contract. Thus, Plaintiff fails to establish that either Bonner

9

or Garrett were "essentially the same" as Oncor. *See Miller*, 541 F. Supp 2d at 863.[1]

Plaintiff does not plead sufficient facts which would plausibly give rise to a claim under Section 1981 against Individual Defendants. Most of Plaintiff's factual allegations are time-barred by 28 U.S.C. § 1658. Where his allegation of racial discrimination is not time-barred, Plaintiff fails to plead specific facts that, if true, would plausibly give rise to a Section 1981 claim. As a result, Plaintiff cannot maintain a Section 1981 claim against Individual Defendants. This Court recommends dismissal of all of Plaintiff's Section 1981 claims against Individual Defendants.

## Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Defendants' Motion to Dismiss (doc. 12) and dismiss Plaintiff's claims against Individual Defendants Veitch, Garrett, Davis, Efflandt, Bonner, and McNair for failure of Plaintiff to state a valid cause of action.

SO RECOMMENDED, July 6, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] And even if Plaintiff had established that either Bonner or Garrett exercised sufficient control over his employment, he does not state specific facts to suggest intentional discrimination based on race. Plaintiff's own description of his employment undermines his racial discrimination claim. In the complaint, Plaintiff stated that he told Bonner that "he liked his job . . . that he was judged based on his experience and qualifications *rather than race*."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).