Case 3:12-cv-00531-G-BF Document 45 Filed 10/01/13 Page 1 of 3 PageID 232

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 1 2013

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT V. MCLENNAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-531-G (BF) |
| | § | |
| ONCOR ELECTRIC DELIVERY | § | |
| COMPANY, LLC, et al., | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and an order of reference from the District Court, this case has been referred to United States Magistrate Judge Paul D. Stickney. Plaintiff Robert V. McLennan ("Plaintiff") filed his Complaint on February 21, 2012 (doc. 3), naming KKR & Company, LP ("KKR"), among others, as a defendant. A summons was issued for KKR on February 21, 2012, and again on March 19, 2012 (docs. 5, 8). However, a summons was never returned executed for KKR, indicating that KKR had not been properly served. In an Order dated September 4, 2013 (doc. 35), Plaintiff was advised of the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, which requires proper service of a defendant within 120 days after the filing of the complaint, and was ordered to show cause as to why he had not complied with Rule 4(m). *See* FED. R. CIV. P. 4(m). Plaintiff failed to respond to the show cause order, but at a hearing held on September 26, 2013, Plaintiff's counsel advised the Court that Plaintiff did not wish to pursue KKR as a defendant in this action.

The federal rules direct the court to dismiss any action in which service of process is not made within 120 days from the date of the filing of the complaint, unless good cause is shown. FED. R. CIV. P. 4(m). *See also Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (failure of plaintiff

to serve defendant properly within 120 days of filing the complaint provides for the court's *sua sponte* dismissal of case without prejudice, after notice, unless plaintiff shows good cause for failure to obtain service). In this case, after notice was provided to Plaintiff by this Court, Plaintiff indicated that he did not wish to pursue his claims against KKR in this lawsuit. Accordingly, good cause does not exist for Plaintiff's failure to properly effectuate service on KKR, and this Court recommends that the District Court *sua sponte* dismiss KKR from this action under Rule 4(m).

**SO RECOMMENDED**, October /, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).